**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BILLY PERRY, | |
| Petitioner, | Civil No. 06-437 (DMC) |
| v. | |
| CHARLES E. SAMUELS, | **OPINION** |
| Respondent. | |

**APPEARANCES:**

BILLY PERRY, Petitioner pro se
#24964-050
F.C.I. Fort Dix
P.O. Box 7000
Fort Dix, New Jersey 08640

**CAVANAUGH, District Judge**

This matter is before the Court on the petition of Billy Perry ("Perry") for habeas corpus relief under 28 U.S.C. § 2241,[1] challenging his federal sentence as imposed in by this Court on

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

October 28, 2003.  For the reasons set forth below, the Court will dismiss the petition.

## I.   BACKGROUND

The following background facts are taken from the petition and attachments, and are accepted as true for purposes of this Opinion and accompanying Order.

On June 3, 2003, Perry pled guilty to one count of possession of a firearm by a convicted felon.  Perry was sentenced by this Court, on October 27, 2003, to an 84-month term of imprisonment.  Perry did not file a timely direct appeal.[2]  Instead, on August 30, 2004, Perry filed a motion before this Court seeking to correct the sentence enhancement, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  He argued that, under Blakely v. Washington, 542 U.S. 296 (2004), only a jury can determine factors of a crime to increase a sentence, and that his base level should have been reduced because it was not established that the weapon moved through interstate commerce.

---

[2] Perry filed a notice of appeal long after the judgment of conviction and sentence was entered.  The United States Court of Appeals for the Third Circuit dismissed the untimely appeal for want of jurisdiction by Order entered June 7, 2005.  The Third Circuit noted that Perry's conviction became final on November 13, 2004, citing Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999)("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired").

In an Opinion and Order filed on April 11, 2005, this Court denied Perry's motion to correct the sentence enhancement under Fed.R.Civ.P. 60(b) on several grounds. First, this Court noted that it did not impose a sentence that exceeded the maximum range based upon findings of additional facts other than those stipulated to by Perry. In fact, Perry had been sentenced at the bottom of the Guidelines range, which in this case was 84-105 months. Second, Perry cannot raise a claim under Blakely because Blakely is not applicable to defendants whose convictions had become final on direct review before the Blakely decision. In this case, Perry's judgment of conviction became final before the Supreme Court's decision in Blakely.

Perry then appealed the Court's decision to the Third Circuit. In an unpublished Opinion filed on August 8, 2005, the Third Circuit summarily affirmed this Court's ruling. The Third Circuit observed that, as part of Perry's plea agreement, he had expressly waived the right to file a collateral attack upon his conviction and sentence, and there was no basis in the record to question the validity or applicability of that waiver.[3]

---

[3] The Third Circuit also commented on this Court's failure to give petitioner notice prescribed under United States v. Miller, 197 F.3d 644 (3d Cir. 1997) before ruling on the Rule 60(b) motion. Miller provides that, when a pro se petitioner challenges a conviction or sentence, whether or not the action is styled as a § 2255 motion, a district court must give notice to the petitioner regarding the effect of his pleadings. Namely, the petitioner should be informed that he can (1) have his motion ruled upon as filed; (2) have the motion recharacterized as a

On August 24, 2005, Perry filed a motion asking this Court to reconsider it prior judgment pursuant to Rule 60(b). This Court denied the motion for reconsideration by Order issued on October 17, 2005.

On or about January 30, 2006, Perry filed this petition for habeas relief under 28 U.S.C. § 2241. He again challenges his sentence enhancement as unconstitutional and contends that "the District Court erred when it violated Rule 11 of the [Fed.R.Crim.P.]." Perry also claims that he received ineffective assistance of counsel. He admits that he raised these same arguments in a prior motion under Rule 60(b). Perry further acknowledges that he had no knowledge of the law and that his first motion was inappropriate.

## II.   ANALYSIS

A.   Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28

---

§ 2255 motion and ruled upon as such, but lose the ability to file a second or successive § 2255 motion absent certification by the court of appeals; or (3) withdraw his motion and file on all-inclusive § 2255 motion within the one-year statutory period. However, the Third Circuit found no error in this Court's failure to invoke Miller since it would have served no meaningful purpose to issue a Miller notice to Perry because he validly waived his right to file a collateral attack.

U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.   Petitioner's claims

Here, Perry does not argue that he is entitled to habeas relief under § 2241 because relief under § 2255 is "inadequate or ineffective." See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). In fact, he does not advance any argument as to why this action may be brought as a § 2241 rather than a § 2255 motion challenging his sentence.

The Court of Appeals for the Third Circuit noted in Dorsainvil, 119 F.3d at 249, that a § 2255 motion, filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement or sentence. See also Okereke v. United States, 307 F.3d 117,

5

120 (3d Cir.), cert. denied, 537 U.S. 1038 (2002); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States

Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

More recently, the Court of Appeals for the Third Circuit emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi.[4]  See Okereke, supra (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard).  See also United States v. Swinton, 333 F.3d 481 (3d Cir. 2003) (holding that Apprendi does not apply retroactively to cases on collateral review), cert. denied, 540 U.S. 977 (2003); In re Turner, 267 F.3d 225 (3d Cir. 2001) (same).

Similarly, § 2255 is not "inadequate or ineffective" to address a claim based upon Booker, which is an extension of Apprendi.  The Court of Appeals for the Third Circuit has recently held that Booker does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date Booker issued.  See Lloyd v. United States, 407 F.3d 608 (3d

---

[4] In Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Most recently, in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court applied the rule of Apprendi to the U.S. Sentencing Guidelines, holding that the Guidelines are not mandatory, but are merely advisory.

7

Cir. 2005), cert. denied, 126 S.Ct. 288 (Oct. 3, 2005). See generally In re Olopade, 403 F.3d 159 (3d Cir. 2005) (finding that the decision of the Supreme Court in Booker does not apply retroactively to cases on collateral review); See also Smith v. Nash, 145 Fed. Appx. 727, 2005 WL 1965500 (3d Cir. Aug. 17, 2005) (unpubl.), cert. denied, 126 S.Ct. 591 (Oct. 31, 2005).[5] In addition, the mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).[6]

Here, Perry does not tell the Court why resort to § 2255 is inadequate or ineffective. He does admit that he has sought relief from the sentence enhancement in a prior motion, and that such relief was denied by this Court. Thus, this action may be

---

[5] See also Blakely v. Washington, 542 U.S. 296 (2004), in which the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." 124 S.Ct. at 2536-37 (internal quotations omitted.) Blakely also is not retroactively applicable to cases on collateral review. See United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (Blakely does not apply retroactively to cases on collateral review), cert. denied, 126 S.Ct. 731 (2005).

[6] Motions under § 2255 must be made within one year of "(1) the date on which the judgment of conviction becomes final; ... [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

construed as a second or successive motion under § 2255 seeking to vacate or modify his sentence, which must be certified by the Third Circuit before it may be considered by this Court.

Even if this Court were to find that the petition is Perry's first § 2255 motion, it would be time-barred because it was filed beyond the one-year statutory period, which expired on November 13, 2005.  See this Opinion at fn. 2, supra.  Thus, Perry's inability to meet the limitations and gatekeeping requirements of § 2255 here does not render it an inadequate or ineffective remedy that would allow him to proceed under § 2241.  The petition must therefore be dismissed.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  If this is a second or successive § 2255 motion, the action may be brought in this district of conviction only if the applicable Court of Appeals has authorized such filing.  28 U.S.C. § 2244.

Here, the Third Circuit has already ruled in a similar action when it summarily affirmed this Court's denial of Perry's prior Rule 60(b) motion, which is identical in all respects to the relief sought in the present petition.  Moreover, Perry waived his right to file a collateral attack of his conviction

9

and sentence, and the Third Circuit found this waiver to be valid. Consequently, it would not serve the interest of justice or judicial economy to transfer this matter to the Third Circuit for certification as a second or successive § 2255 motion.

Furthermore, as noted above, even if this action is construed as Perry's first § 2255 motion, it is time-barred under 28 U.S.C. § 2255, ¶ 6. Finally, as previously determined, the Court finds that Perry is precluded from raising a collateral attack on his sentence because he waived that right in a valid and applicable plea agreement. Accordingly, the Court is constrained to dismiss this petition as time-barred, or alternatively, as duplicative of an earlier-filed motion that was denied for lack of merit.

### III.   CONCLUSION

For the reasons set forth above, the petition will be dismissed with prejudice. An appropriate order follows.

  S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH
United States District Judge

Dated: 3/30/06